IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| CLARENCE O. SMITH, | No. CIV-S-02-1473 LKK GGH P |
|---|---|
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| M. R. MALDONADO, et al., | |
| Defendants. | |

On December 2, 2004, the magistrate judge granted plaintiff's motion to compel production of documents in response to Plaintiff's First Request for Production of Documents, Request No. 1, subject to a protective order. The order was affirmed on May 20, 2005, following reconsideration by the district court on defendants' motion. Disclosure of the documents at issue is ordered over defendants' objections. Defendants have provided inmate Stringfellow notice of the disclosure ordered by the court, and he had not advised the court of any objections.

Defendants lodged a proposed protective order in compliance with the December 2, 2004, order. The court, having reviewed and made some modification to the proposed order, now issues the following protective order :

1. Defendants shall redact personal information, such as the day and month (but not year) of birth and his social security number, from the CDC central and medical files of inmate Robert Stringfellow (J-30230);

2. Within 30 days of the filing of this order, defendants shall permit plaintiff to review the redacted records and to take notes. Plaintiff may not make copies of any documents, except upon notice and motion and further order of the court. Plaintiff shall provide defendants' attorney with a copy of his notes. The copy of the notes shall be made at defendants' expense. If defendants reasonably believe that plaintiff has taken notes on information that is not relevant and material to the claims at issue in this action, they may move the court for sanctions, including, but not limited to, an order permitting prison officials to confiscate and destroy those notes.

3. **Plaintiff shall not disclose any information obtained from the records to any other person, except defendants and their attorney of record and the district court. Any information derived from a review of the files, and which identifies a person other than the plaintiff, defendants, or Stringfellow, e.g., any confidential informant, and which is then filed with the district court shall be under seal. If plaintiff fails to comply with the provisions of this order, defendants may move for appropriate action. Plaintiff is expressly cautioned that the court will not tolerate unauthorized communication of information that will endanger any person. Sanctions for unauthorized communication/disclosure may be as harsh as contempt of court and/or dismissal of this action, or possible criminal liability.**

4. Within 10 days of a final order in this action, plaintiff shall deliver his copy of any notes reflecting information obtained from his review of the records to the litigation coordinator at the institution where he is confined. If plaintiff fails to do so, prison officials may confiscate and destroy plaintiff's copy of any notes plaintiff has made of his review of the documents from inmate Stringfellow's records.

5. Upon notice and motion, plaintiff may request that the court order admission of particular documents from the records reviewed at trial or in support of or opposition to a motion

///

///

///

1  for summary judgment.  Defendants may oppose such a motion and raise objections to the
2  admissibility of those documents.
3  Dated: 6/22/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

smit1473.pro.wpd

3