1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   CLARENCE O. SMITH,

11          Plaintiff,                    No. CIV S-02-1473 LKK GGH P

12      vs.

13   M. R. MALDONADO, et al.,             ORDER

14
          Defendants.
15   _____/

16          Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

17   1983.   Pending before the court are: 1) defendants' January 20, 2005 motion to amend the

18   answer to the complaint; and 2) defendants' supplemental motion for summary judgment, filed

19   on January 20, 2005.   By order filed on February 11, 2005, this court, in granting defendants'

20   motion for a protective order, stated the following:

21          Defendants have not submitted a proposed protective order for
            production of relevant documents from the third party
22          Stringfellow's institutional and medical history to plaintiff, as
            directed in this court's December 2, 2004 order.   Instead,
23          defendants, by motion filed on January 20, 2005, seek
            reconsideration of the December 2, 2004 order.   On January 20,
24          2005, defendants also moved for a protective order, requesting that
            certain documents filed in support of their January 20, 2005
25          supplemental motion for summary judgment be sealed and
            reviewed in camera.   Defendants' request for reconsideration of
26          the December 2, 2004 order is pending before the district judge.

1

1

2       This court now directs that the CDC Central File Records and CDC
        Unified Health Record of Robert Stringfellow (J-30230) and
        defendants' supplemental statement of undisputed facts in support
3       of their January 20, 2004 supplemental motion for summary
        judgment be sealed at this time.   However, the court does not at
4       this time grant defendants' motion for in camera review of the
        documents, nor can the undersigned discern how plaintiff is fairly
5       to be expected to oppose a motion for summary judgment setting
        forth undisputed facts to which he has no access.  The court will
6       revisit these issues, as appropriate, once defendants' motion for
        reconsideration of the December 2, 2004 order has been resolved.
        IT IS SO ORDERED.

7

8    Order, filed on February 11, 2005.

9           The district judge has since affirmed the December 2, 2004 order of this court.

10   See Order, filed on May 20, 2005.  Concurrently, the court is filing a protective order which is an

11   edited version of the proposed protective order submitted by defendants on June 21, 2005.

12   Motion to Amend Answer

13          Defendants belatedly move for leave to amend their original answer because of an

14   alleged error of which they only took note when this court observed an admission in the answer

15   favoring plaintiff's position in adjudicating plaintiff's motion to compel.  In the court's

16   scheduling order filed the following year, on December 1, 2003, the undersigned set the deadline

17   for filing pretrial motions on May 21, 2004.  The original answer from which defendants only

18   recently seek to beat a hasty retreat was filed on December 13, 2002.  In essence, defendants seek

19   to substitute the following concession: "Defendants admit that inmate Stringfellow had a

20   disciplinary history that made placement with plaintiff improper (¶ 22)" with the following

21   denial: "Defendants deny that they knew or should have known that inmate Stringfellow had a

22   disciplinary history that made placement with plaintiff improper (¶ 22).  Defendants further deny

23   that they made the housing assignment that placed Stringfellow with plaintiff."[1]

24   \\\\\

25   _____

26   [1]Defendants also seek to correct the date of the assault by inmate Stringfellow from
     December 5, 2001 to December 6, 2001 in the proposed amended answer.

2

1    Defendants do not offer a particularly persuasive reason for the alleged error,

2    instead submitting a declaration by the deputy attorney general who filed the answer, wherein he

3    speculates that the "drafting error" may have occurred because he had been contemplating filing

4    a motion to dismiss for failure to state a claim upon which relief may be granted, under Fed. R.

5    Civ. P. 12(b)(6), in which the allegations of the second amended complaint must be admitted, but

6    later decided to file an answer instead, neglecting to alter, for no apparent reason, only that

7    concession.  Motion to Amend (MTA), Declaration of R. Michael Llewellyn, ¶ 3.  Counsel

8    indicates that his review of the case file at the time when the admission was pointed out to him,

9    following the issuance of this court's order on December 2, 2004, did not show that he had been

10   informed by any defendant that placement of inmate Stringfellow with plaintiff was improper,

11   nor had he been provided with records from which he could infer same.  Id.  Counsel's

12   recollection of the filing of an answer in a case some two years prior in a case with which he is

13   no longer associated is understandably dim; however, simply because he believes it now to have

14   been an "inadvertent error" is not sufficient for the court to grant leave to amend the answer at

15   this advanced stage of the litigation.

16   Moreover, prejudice to defendant is self-evident, if defendants are allowed to

17   amend their answer with no more basis than simply alleging "the interests of justice" and a vague

18   assertion of unintended error.  Defendants insist that leave to amend was sought as soon as they

19   became aware of the putative error.  Defendants make no explanation as to why no leave to

20   amend was sought prior to the court's having taken note of a significant admission in

21   adjudicating plaintiff's motion to compel, almost two years after the original answer was filed.

22   Review of the court file indicates that defendants' current counsel, Supervising Deputy Attorney

23   General James E. Flynn, filed a status report for defendants on November 21, 2003, specifically

24   referencing the December 13, 2002 answer.  Defendants' Status Report, p. 1, filed on 11/21/03.

25   That counsel did not take time to review that answer before apparently standing upon it should

26   not ultimately devolve to the plaintiff's prejudice when the contents of that pleading are later

1   relied on by the court, after which only then do defendants wish to distance themselves from it.

2   "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a)

3   is within the discretion of the trial court." Zenith Radio Corp. v. Hazeltine Research, Inc., 401

4   U.S. 321, 330 (1971).  Leave to amend pleadings "shall be freely given when justice so requires."

5   Rule 15(a).  Granting leave to amend, however, "is by no means automatic." Wimm v. Jack

6   Eckerd Corp., 3 F.3d 137, 139 (5th Cir.1993) (quoting Addington v. Farmer's Elevator Mut. Ins.

7   Co., 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  Among factors that may be considered are

8   undue delay, bad faith or dilatory action on the part of the moving party, undue prejudice to the

9   opposing party, and futility of amendment.  Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227,

10  230 (1962)).

11  The Ninth Circuit upheld a lower court's decision not to grant defendants leave to

12  amend the answer, even in a case where no reasons were stated.  Komie v. Buehler Corp., 449

13  F.2d 644 (9th Cir. 1971).  There the appellate court found that justification for the lower court's

14  decision lay in the tardiness of the motion, noting that the alleged facts of the proposed

15  amendment, as is the case here, were readily available to defendants earlier.  Id. at 648.  In a

16  subsequent case, the Ninth Circuit observed that the prejudice to the plaintiff in Komie was

17  "evident." Howey v. U.S., 481 U.S. 1187, 1191 n.2 (9th Cir. 1973).

18  In support of their motion, defendants rely almost exclusively on the "in the

19  interests of justice" standard in making their motion.  See Unispec Development Corp. v.

20  Harwood K. Smith & Partners, 124 F.R.D. 211, 216-17 (D.Ariz.1988) (leave to amend answer

21  denied where movant relied exclusively on "justice requires" standard to support untimely

22  motion).  "If justice requires anything, it is that plaintiff should not at this late date have to

23  defend against such a dilatory claim, not that defendant should be afforded the opportunity to

24  assert it affirmatively." Id. at 217.  Defendants' vague explanation for the error is not sufficient.

25  Defendants' reliance primarily on the assertion that "justice requires" that their

26  motion for leave to amend should be granted is unpersuasive.  Defendants have not offered the

4

1  court an adequate justification upon which the court could reasonably exercise its discretion to

2  grant the motion, especially in view of their undue delay in filing the instant motion and the

3  prejudice to plaintiff if the motion were granted.  Consequently, defendants' motion for leave to

4  amend their answer to the complaint will be denied.

5  <u>Supplemental Motion for Summary Judgment</u>

6              Defendants move for summary judgment, relying almost wholly on the CDC

7  records of inmate Robert Stringfellow, records which were placed under seal on defendants'

8  motion for a protective order, the same records that were at issue in this court's December 2,

9  2004 order upon a motion to compel by plaintiff.   Plaintiff is in the same position he was in

10  when the court vacated defendants' prior motion summary judgment, pursuant to Fed. R. Civ. P.

11  56(f), and ordered the production of inmate Stringfellow's prison record, pursuant to a protective

12  order.  With respect to the pending supplemental motion for summary judgment, plaintiff has had

13  no access to that production nor to the undisputed material facts set forth by defendants.  The

14  court will vacate the pending supplemental motion pending production to plaintiff of

15  Stringfellow's prison file, pursuant to the concurrently filed protective order.  As set forth in the

16  now affirmed order of December 2, 2004, defendants will have 30 days to produce Stringfellow's

17  CDC file to plaintiff.  Once defendants have filed proof of service of production of the file, they

18  may re-notice their vacated motion for summary judgment, after which plaintiff will have 30

19  days to file his opposition to defendants' motion and defendants will have 15 days to file a reply.

20              Accordingly, IT IS ORDERED that:

21              1.  Defendants' motion for leave to file an amended answer, filed on January

22  20,2005, is denied;

23              2.  Defendants' supplemental motion for summary judgment, filed on January 20,

24  2005, is VACATED without prejudice from the court's calendar;

25              3.  Subject to the concurrently filed protective order, defendants must produce

26  Stringfellow's CDC file to plaintiff and file proof of service thereof, within 30 days; defendants

1 may then re-notice their vacated motion for summary judgment immediately thereafter, after

2 which plaintiff will have 30 days to file his opposition to defendants' motion, and defendants will

3 have 15 days to file a reply.

4 DATED:    6/22/05

5

6                                                    /s/ Gregory G. Hollows

7                                                    _____
                                                     GREGORY G. HOLLOWS
                                                     UNITED STATES MAGISTRATE JUDGE

8

GGH:009
9 smit1473.supp

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26