IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CLARENCE O. SMITH,

    Plaintiff,                    No. CIV S- 02-1473 LKK GGH P

    vs.

M.R. MALDONADO, et al.,

    Defendants.                 ORDER

/

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. By order filed on June 22, 2005, this court, inter alia, vacated without prejudice defendants' then pending supplemental motion for summary judgment, directing defendants to produce within 30 days inmate Stringfellow's CDC file subject to a concurrently filed protective order. In that order defendants were informed that they could re-notice their vacated summary judgment order immediately after production of Stringfellow's records. On August 15, 2005, Judge Karlton affirmed the June 22, 2005 order, upon defendants request for reconsideration.

        On August 16, 2005, defendants filed a notice that they were in compliance with orders filed on June 22, 2005 and August 15, 2005, and that the central and medical files of inmate Stringfellow were available for plaintiff's inspection. Defendants also re-noticed their motion for summary judgment.

However, thereafter, on September 7, 2005, plaintiff sought the court's assistance to enable him to inspect the Stringfellow files because the Mule Creek State Prison Litigation Coordinator had not processed plaintiff's request to do so. The court issued a show cause order on September 14, 2005, which defendants immediately discharged, indicating that plaintiff was scheduled to review the file at issue on September 16, 2005.

On October 7, 2005, plaintiff sent the court some 38 pages of documents from inmate Stringfellow's file, complaining that he was being charged ten cents a page, which may have limited the number of exhibits he chose. He sent the exhibits apparently in support of his case but not framed as an opposition to defendants' pending summary judgment motion. Plaintiff indicated that his review occurred on September 16, 2005, which the court deems the re-notice date of defendants' motion for summary judgment.

On October 14, 2005, defendants asked the court to remind plaintiff that he was to file an opposition to defendants' re-noticed motion for summary judgment within 30 days of completing his review of the Stringfellow files and sought in particular that "plaintiff should be advised of his obligation to explain how the records attached to his letter support his claim that summary judgment for defendants should be denied." See defendants' 10/15/05 filing.

On November 15, 2005, plaintiff wrote again, recounting some of the allegations of his complaint as well as difficulties and limitations he has encountered in trying to access Stringfellow's file. For example, plaintiff states that he is prevented from keeping copies in his cell or notes that he made of the file.

On November 17, 2005, defendants responded, protesting that a copy of Stringfellow's records had been made available to the court as well as to plaintiff for his review and that the duplicate copies were paginated and, therefore, plaintiff need not make copies but need only reference the page numbers and facts upon which he relies in opposition to defendants' pending motion. Defendants also say that plaintiff can work from his notes to put together his opposition to their motion.

However, plaintiff has said that he is precluded from keeping copies, notes, etc., in his cell, and must turn them over to the litigation coordinator. The protective order does not require that plaintiff turn over his notes of his review of Stringfellow's file to the litigation coordinator, but only that he do so within ten days of any final order in this action. It is hardly reasonable that plaintiff should be required to turn over his notes to the litigation coordinator and not have them with him while he is simultaneously expected to compose an opposition to defendants' motion based, at least in part, on his review of Stringfellow's files, unless, of course, he is granted access to his notes from his review of the file while drafting his opposition in the prison law library or in some other location.

If plaintiff has been granted the requisite access as set forth above, he must file and serve his opposition within 30 days. Plaintiff is cautioned that in the order directing service filed October 24, 2002, the court stated that "[i]f plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of defendants' motion, the court may consider the failure to act as a waiver of opposition to defendant's motion." See Local Rule 78-230 (m).

On the other hand, if plaintiff is not granted reasonable access to his notes and, if necessary to Stringfellow's file if his notes do not yet contain the facts with corresponding page numbers from the file on which he might rely in his opposition, the court will simply vacate the motion for summary judgment and this matter will proceed to trial.

Accordingly, IT IS ORDERED that:

1. Defendants' motion for summary judgment is deemed to have been re-noticed on September 16, 2005, the date on which plaintiff was granted access to Stringfellow's file;

2. Plaintiff is granted 30 days from the date of this order to file an opposition to the motion for summary judgment; defendants will, thereafter, have 15 days to file any reply;

3. Plaintiff must be granted access to his notes from his review of Stringfellow's file in order to file and serve an opposition to the motion for summary judgment; he need not

1 submit copies from Stringfellow's file, but may cite the file by page number along with the facts from the corresponding page from the file that he believes support his opposition to the motion;

4. If plaintiff is not granted adequate access to his notes of the Stringfellow file, or if he is not granted additional access to the Stringfellow file itself, subject to the June 22, 2005 protective order, should his notes not contain the facts/page numbers he will need to compose his opposition, the court will simply vacate the dispositive motion altogether and this matter will proceed to trial;

5. If, on the other hand, plaintiff is granted adequate access to his notes and the Stringfellow file but fails to file and serve an opposition to the motion, plaintiff may be deemed to have waived opposition to the motion.

DATED: 11/22/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
smit1473.ord